<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM STOVALL, | : | |
| | : | Civil Action No. 20-1709 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JAMES SLAUGHTER, et al., | : | |
| | : | |
| Respondents. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner William Stovall ("Petitioner") is a state prisoner confined at the State Correctional Institution Phoenix in Collegeville, Pennsylvania. He is proceeding with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed a Motion to Dismiss ("Motion") the Petition as time barred. (ECF No. 16.) Petitioner filed a counseled response acknowledging he could not dispute Respondents' timeliness calculations. (ECF No. 45.) For the reasons expressed below, Respondents' Motion will be granted, Petitioner's §2254 Petition will be dismissed with prejudice, and no certificate of appealability shall issue.

**I. BACKGROUND**

In April 1994, Petitioner was convicted of attempted escape and related offenses. The New Jersey Superior Court, Appellate Division provided the following procedural history:

> This matter commenced in 1991, when a Mercer County grand jury charged [Petitioner] with ten offenses: second-degree conspiracy to escape from prison, N.J.S.A. 2C:5–2 and 29–5(a); second-degree attempt to escape from prison, N.J.S.A. 2C:5–1 and 29–5(a); second-degree attempt to procure implements of escape from prison, N.J.S.A. 2C:5–1 and 29–6(a)(2); second-degree attempt to possess firearms for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–4(a);

> second-degree attempt to possess destructive devices for an unlawful purpose, N.J.S.A. 2C:5–1, 39–4(c); third-degree attempt to possess handguns for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–5(b); third-degree attempt to possess an assault firearm for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–5(f); third-degree attempt to possess destructive devices for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–3(a); fourth-degree attempt to possess a firearm silencer for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–3(c); and fourth-degree attempt to possess armor-penetrating ammunition for an unlawful purpose, N.J.S.A. 2C:5–1 and 39–3(f)(2).
>
> [On April 29, 1994,] [a] jury convicted [Petitioner] of all ten offenses. [On June 17, 1994,] [t]he court sentenced [Petitioner] to thirty years imprisonment with twenty years of parole ineligibility, to run consecutively to a previously imposed sentence of seventy-five years with a thirty-six-year parole disqualifier.

*State v. Stovall*, A-1162-13T4, 2016 WL 617628, at * 1 (N.J. Super. Ct. App. Div. Feb. 17, 2016); (ECF Nos. 16-5, 16-18, and 16-19.)

Petitioner filed a Notice of Appeal, and, on December 2, 1996, the Appellate Division affirmed Petitioner's conviction but remanded for resentencing. (ECF No. 16-22, *State v. Stovall*, A-0850-94T4 (N.J. Super. Ct. App. Div. December 2, 1996.) Petitioner was resentenced to an aggregate term of thirty-years imprisonment, with a ten-year term of parole ineligibility, to run consecutively to the seventy-five-year sentence he was already serving.[1] *See Stovall*, 2016 WL

---

[1] Respondents submit the following:

> In 1997, petitioner was resentenced to a twenty-year term on count two with ten years of parole ineligibility to be served consecutively to the sentence he then was serving. On count four, he was sentenced to a ten-year term to run consecutively to count two. However, the judgment of conviction provided the aggregate custodial term was twenty years rather than thirty years. In 1998, an assistant prosecutor wrote to the trial judge advising the judgment of conviction should have said the total custodial sentence was thirty years, rather than twenty, with a fifteen-year period of parole ineligibility. Thereafter, the judgment of conviction was amended to correctly reflect a total custodial term of thirty years.

2

617628, at * 1 n.1; (ECF Nos. 16-2, at 4, and 17-1.) On March 19, 1997, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 16-23, *State v. Stovall*, 692 A.2d 49 (N.J. 1997).) Petitioner did not file a petition for certiorari with the Supreme Court of the United States. (ECF No. 1, ¶ 9(h).)

On November 17, 1997, Petitioner filed a Petition for Post-Conviction Relief ("PCR"). (ECF No. 17-2.) On March 5, 1998, counsel filed a notice of motion for PCR relief. (ECF No. 17-3.) On March 25, 2011, new counsel filed a supplemental brief for PCR relief.[2] (ECF No. 17-4.) On September 19, 2012, the PCR court denied his petition. (ECF No. 17-5.) On October 23, 2013, Petitioner filed a Notice of Appeal with the Appellate Division. (ECF No. 17-6.) On February 17, 2016, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (ECF No. 17-7, *Stovall*, 2016 WL 617628.) On July 11, 2016, the New Jersey Supreme Court denied certification. (ECF No. 17-8, *State v. Stovall*, 150 A.3d 404 (N.J. 2016).)

Petitioner filed a motion to correct illegal sentence, which was denied by the Superior Court, Law Division on August 29, 2017. (ECF No. 17-9.) On September 4, 2019, the Appellate Division affirmed the denial of Petitioner's motion to correct an illegal sentence. (ECF No. 17-11, *State v. Stovall*, A-0610-17T4 (N.J. Super. Ct. App. Div. Feb. 17, 2016).) On January 31, 2020, the New Jersey Supreme Court denied certification. (ECF No. 17-12, *State v. Stovall*, 223 A.3d 606 (N.J. 2020).)

---

(ECF No. 6-2, at 4.) Respondents have not provided the Court with documents regarding these events; however, the PCR court opinion denying Petitioner's petition for post-conviction relief supports this sequence of events. (See ECF No. 17-5, at 3.) The New Jersey Superior Court, Appellate Division opinion confirms Petitioner's sentence. *Stovall*, 2016 WL 617628, at * 1.

[2] Respondents represent to the Court that during the gap in time from 1998 to 2011, no additional briefs or Judicial Orders were filed. (ECF No. 16-2.) Petitioner does not oppose this representation. (*See* ECF No. 45.)

3

On February 9, 2020, Petitioner filed the instant habeas Petition, raising three grounds for relief. (ECF No. 1.) Respondents subsequently filed the instant Motion to Dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 16.) Petitioner filed a counseled response, indicating that "after review of [Respondents'] submissions, and speaking with the Petitioner, and conducting an independent review, counsel is unable to deny [Respondents'] calculations. (ECF No. 45, at ¶ 3.) The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II. LEGAL STANDARD

The AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

### III. DECISION

Respondents argue that the Petition is untimely. The Court agrees and will dismiss the Petition as such.

Petitioner's conviction became final within the meaning of AEDPA on June 17, 1997, 90 days after the New Jersey Supreme Court denied certification of his direct appeal on March 19, 1997. (ECF No. 16-23, *Stovall*, 692 A.2d 49.) *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for certiorari to the United States Supreme Court.") Therefore, absent statutory tolling, Petitioner's AEDPA one-year time limitation expired one year later, on June 17, 1998.

#### A. Statutory Tolling

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits

prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly filed PCR petition will continue to be "pending" in the state courts following an adverse determination by the PCR court until the time in which a petitioner has to file a timely direct appeal in the state courts has run. *See Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n.6 (3d Cir. 2000)

In New Jersey, a notice of appeal for the denial of a PCR petition is due within forty-five days of the date on which the PCR petition was denied. *See* N.J. Ct. R. 2:4-1. When a New Jersey prisoner fails to file a timely notice of appeal under New Jersey's forty-five (45) day rule, his petition remains pending for the forty-five (45) days during which he could have filed a timely appeal from the denial of his PCR petition, but is not "pending" for tolling purposes between the expiration of the forty-five day period and his filing of a late notice of appeal. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122-23 (3d Cir. 2017); *Brown v. Powell*, No. 17-10687, 2019 WL 1529645, at *2 (D.N.J. Apr. 9, 2019) ("If the petitioner files an untimely appeal that a state appellate court nonetheless addresses on its merits, AEDPA tolling resumes upon the untimely appeal's filing, but the period between the deadline for a timely appeal and the actual filing of the untimely appeal is not tolled.").

As noted above, Petitioner's judgment of conviction became final on June 17, 1997. The AEDPA limitations period ran for 153 days before it was statutorily tolled when Petitioner filed his timely PCR petition on November 17, 1997. (ECF No. 17-2.) At that time, Petitioner had 212 days (365 – 153 = 212) remaining on his AEDPA one year statute of limitations. On September 19, 2012, the PCR court denied his petition. (ECF No. 17-5.) Petitioner then had forty-five days, or until November 3, 2012, in which to file a timely appeal to the Appellate Division. *See* N.J. Ct. R. 2:4-1. However, Petitioner did not file a Notice of Appeal by November 3, 2012. At that point, Petitioner's PCR petition was no longer "pending", and Petitioner's AEDPA statute of limitations

6

period resumed running with 212 days remaining. *See Thompson*, 701 F. App'x at 122-23; *Brown*, 2019 WL 1529645, at *2. Petitioner then had 212 days, or until June 3, 2013, to file a timely federal habeas petition. Petitioner's Petition filed with this Court was not filed until February 9, 2020, approximately seven-and-one-half years after his time for filing a timely petition expired.

Petitioner filed a Notice of Appeal with the Appellate Division on October 18, 2013, over four months after his AEDPA limitations period expired.³ (ECF No. 17-6.)  Although that appeal was ultimately accepted as within time by the Appellate Division, it did not revive Petitioner's already expired AEDPA statute of limitations. A timely PCR petition filed after the expiration of the one-year limitations period will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Petitioner filed his Petition on February 9, 2020, approximately seven-and-one-half years after his time for filing a timely petition expired. Accordingly, absent equitable tolling, the instant Petition is time barred.

---

³ The date stamp on Petitioner's Notice of Appeal is unclear. (See ECF No. 17-6.) Respondents submit it was submitted on October 18, 2013 (ECF No. 16-2, at 10) and Petitioner does not oppose this submission (*See* ECF No. 45.)

7

### B. Equitable Tolling

Petitioner fails to make any equitable tolling arguments.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

A court also must determine whether extraordinary circumstances exit to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires

the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner filed a counseled response to Respondents' Motion to Dismiss, in which he makes no equitable tolling arguments. Rather, Petitioner acknowledges that he is unable to deny Respondents' time calculations. (*See* ECF No. 45.) The Court has reviewed the parties' submissions and does not find some "extraordinary circumstance" prevented Petitioner from filing a timely federal habeas petition. Therefore, Respondents' Motion to Dismiss on timeliness grounds is granted and the § 2254 Petition is dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that the Petition is time barred. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed above, Respondents' Motion to Dismiss (ECF No. 16) is **GRANTED**. The Petition is **DISMISSED with prejudice**. A certificate of appealability shall not issue.

An appropriate order follows.

Dated: March 28, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
